# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD DESEAN MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:24-cv-00045-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 17) |

Petitioner Francesco Benavides ("Petitioner"), attorney for Reginald Desean Morgan ("Plaintiff"), filed the instant motion for attorney's fees. (ECF No. 17.) Petitioner requests fees in the amount of $8,880.00 pursuant to 42 U.S.C. § 406(b)(1).

Plaintiff did not file an opposition or otherwise respond to the motion for attorney's fees, and the time to do so has passed. Defendant Commissioner of Social Security, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion, in which he asserts he neither supports nor opposes Petitioner's request for attorney's fees. (ECF No. 18.)

**I.**

**BACKGROUND**

On December 12, 2023, Plaintiff entered into a contingent fee agreement with Petitioner Francesco Benavides. (ECF No. 17-3.) The agreement entitled Petitioner to an award of 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision. (Id.)

1

On January 10, 2024, Plaintiff filed a complaint challenging the denial of social security benefits.  (ECF No. 1.)  Following Plaintiff filing a brief in support of reversing and remanding the final decision of the Commissioner (ECF No. 11), the parties filed a stipulation for voluntary remand for further proceedings pursuant to Sentence Four of 42 U.S.C. 405(g).  (ECF No. 12.)  On March 14, 2024, the Court approved the stipulation, ordered that the final decision was reversed and remanded, and directed the Clerk of the Court to enter judgment.  (ECF Nos. 13, 14.)

On March 20, 2024, the parties filed a stipulation for an award of attorney's fees in the amount of $1,702.18 under the EAJA, 28 U.S.C. § 2412 (ECF No. 15), and the Court granted the motion.  (ECF No. 16.)  Petitioner did not receive the EAJA fees because Plaintiff owed a debt subject to Treasury Offset; accordingly, the Treasury Department applied the payment to satisfy that debt.  (ECF No. 17-5.)

In the instant motion, Petitioner seeks an award of attorney's fees in the amount of $8,880.00, pursuant to 42 U.S.C. § 406(b).  (ECF No. 17.)

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  The payment of such award comes directly from the claimant's benefits.  42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases."  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009).  The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that

the requested fee is reasonable.  Gisbrecht, 535 U.S. at 808-09.  The attorney has the burden of demonstrating that the fees requested are reasonable.  Id. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved.  Gisbrecht, 535 U.S. at 800.  Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. Id. at 796.  The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable.  In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases.  Crawford, 586 F.3d at 1151.

## III.

## DISCUSSION

Plaintiff executed a fee agreement providing that Petitioner would receive 25% of any past due benefits awarded to Plaintiff.  (ECF No. 17-3.)  Petitioner ultimately secured $72,358.00 in retroactive benefits on Plaintiff's behalf.  (ECF No. 17-1, p. 4.)  Petitioner now seeks an award of $8,880.00 in attorney's fees pursuant to 42 U.S.C. § 406(b).  (ECF No. 17.)

The Court recognizes the contingent nature of this case and counsel's assumption of the risk of going uncompensated.  Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). In support of the instant motion, Petitioner submitted a time log reflecting 6.1 hours expended litigating this action.  (ECF No. 17-4.)  Based on the amount requested, the effective hourly rate is $1,455.73.  This rate is consistent with rates approved by courts within the Ninth Circuit.  See, e.g., Biggerstaff v. Saul, 840 F. Appx. 69, 71 (9th Cir. 2020) (affirming $1,400.00 per hour for combined attorney and paralegal work); Williams v. Berryhill, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an hourly rate of $1,553.36 per hour).

The Court finds no indication of "substandard performance, delay, or benefits that are not

3

in proportion to the time spent on the case." Crawford, 586 F.3d at 1151-52.  Nor is there any evidence that Petitioner engaged in dilatory conduct or otherwise delayed the proceedings. Indeed, this action was so briefly in this Court before the parties stipulated to remand.  By all accounts, however, Petitioner is an experienced, competent attorney who ultimately achieved a successful result for Plaintiff.  Accordingly, the Court finds that the requested fee of $8,880.00 is reasonable.

Finally, although fee awards under § 406(b) must be offset by any prior award of attorneys' fees granted under the EAJA, 28 U.S.C. § 2412(d), the Court notes that no such offset is required here.  Petitioner did not receive the EAJA award due to Plaintiff's outstanding debt. Therefore, the full amount awarded under § 406(b) need not be reduced to account for EAJA fees.

**VI.**

**CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

1.    Petitioner's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $8,880.00 (ECF No. 17) is GRANTED; and

2.    The funds SHALL be paid to Petitioner out of the funds withheld by the Social Security Administration.

IT IS SO ORDERED.

Dated:    **February 3, 2026**

_____
STANLEY A. BOONE
United States Magistrate Judge

4